UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.T. HOWITT,<br>    Plaintiff,<br><br>v.<br><br>BENJAMIN ERNST,<br>    Defendant. | Civil Action No. 24-cv-11744-AK |

### ORDER

**KELLEY, D.J.**

  Plaintiff D.T. Howitt's ("Howitt") Motion for Leave to Proceed in forma pauperis [Dkt. 3] is hereby **GRANTED**. Howitt's Complaint [Dkt. 1] is subject to screening under 28 U.S.C. § 1915(e)(2) because he is proceeding in forma pauperis. Section 1915 authorizes federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if, among other things, the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune party. See 28 U.S.C. § 1915(e)(2)(B). In conducting this review, the Court construes Howitt's Complaint "with some liberality" because he is proceeding pro se. Instituto de Educacion Universal Corp. v. U.S. Dept. of Educ., 209 F.3d 18, 23 (1st Cir. 2000) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)).

  On or about March 15, 2024, Howitt sued the Eastern Housing Court, judges, and clerks in the matter styled Howitt v. Eastern Housing Court et al., 2084CV00711 ("The Suffolk

Superior Court Action").[1]  Assistant Attorney General Defendant Benjamin Ernst ("Ernst"), on behalf of the Commonwealth of Massachusetts, represents the government defendants in that action.  Howitt alleges that, while the Suffolk Superior Court action was pending, he emailed two of the defendants in that action, copying Ernst on the email.  In that email, Howitt informed the two clerks that he intended to file a criminal complaint in Boston Municipal Court against them for their conduct that undergirds the Suffolk Superior Court Action.  Ernst promptly responded to the email – twice – informing Howitt that it was improper and inappropriate to contact these defendants, and that if he continued to do so, he would take action against him.  Ernst also informed Howitt that he intended to seek dismissal of the Suffolk Superior Court Action with prejudice.  Howitt replied claiming the matters are separate and that he believed it was permissible to contact the clerks and that his intent was "to professionally notify them of their clear chronic obstruction of justice . . . and to notify them of [his] intent to file criminal complaint applications[.]"  [Dkt. 1 at ¶ 12].  Now, Howitt claims that Ernst's response was a threat in retaliation for Howitt's criminal complaint in violation of 42 U.S.C. § 12203 and 18 U.S.C. § 1512.  Even if true, Howitt fails to state a claim upon which relief can be granted, and the Court discerns no plausibly pleaded federal claims as to the communications between Howitt and Ernst.

       To the extent that the parties have disputes as to the types and content of communications between them during the course of their underlying state court litigation, those are matters to be sorted out in the first instance in the Suffolk Superior Court Action, not federal court.  As it is

---

[1] The Court has reviewed the civil docket on the Superior Court's website.  It appears that Howitt is mistaken as to the case number.

clear that there is no federal claim here, the Court dismisses the federal claims and declines to exercise supplemental jurisdiction over any state law claims to the extent any exist.

Howitt's Motion to Seal Complaint [Dkt. 5] is **DENIED** with leave to file a proposed redacted complaint for the public record.  The public has a presumptive right to judicial records.  See United States v. Kravetz, 706 F.3d 47, 54 (1st Cir. 2013).  Indeed, the public has a presumptive right to know the basis of the instant action by a citizen against a government lawyer, even if that action is, as here, summarily dismissed.  The Defendant also has a countervailing interest in the details of this action being public for his own purposes, not the least of which disclosing the action to employers, regulatory, and licensing authorities.  To be clear, the basis for sealing this matter has nothing to do with any alleged acts or omissions of the Defendant, but rather only privacy concerns about Howitt's personal information.  The details of this personal information are largely not necessary to adjudicate this action.  Balancing these concerns, the case itself and docket entries are hereby **UNSEALED**.  As for the documents, the Complaint [Dkt. 1], Motion to Proceed by Pseudonym [Dkt. 2], Motion to Proceed in forma pauperis, [Dkt. 3], and Motion to Seal Complaint [Dkt. 5] shall remain **SEALED** for now.  As to these documents, Howitt shall by September 9, 2024, file a motion and memorandum of law that complies with Local Rule 7.2[2], demonstrating good cause, along with proposed redacted documents.  "What constitutes 'good cause,' and therefore what concerns can justify a document being filed under seal [or portion thereof], depends on the nature of the filing."  Bradford &

---

[2] Local Rule 7.2 sets forth the process for having confidential information impounded or filed under seal. Section 7.2(a) provides in pertinent part: "Whenever a party files a motion to impound, the motion shall contain a statement of the earliest date on which the impounding order may be lifted, or a statement, supported by good cause, that the material should be impounded until further order of the court.  The impounded material will be scanned and docketed in CMECF and restricted from public access."

Bigelow, Inc. v. Richardson, 109 F. Supp. 3d 445, 447 (D. Mass. 2015).  Said another way, "the more important the document is to the core judicial function of determining the facts and law applicable to the case, the stronger the presumption of public access and the higher the burden to overcome it."  Id.  Howitt shall serve a copy of any such motion on the Defendant, who may file an opposition by September 23, 2024.  The Court will review the parties' filings, the proposed redactions, and may accept, reject, or modify such proposed redactions.  Failure to comply with this order will result in the unsealing of all documents in this action.

  Howitt's Motion to Proceed by Pseudonym [Dkt. 2] is **DENIED**.  While "[a] writer is free to assume a nom de plume . . . as a rule, litigants in federal court must publicly reveal their true names."  Doe v. Massachusetts Inst. of Tech., 46 F.4th 61, 63 (1st Cir. 2022).  Nevertheless, "the public has a substantial interest in ensuring that those who would seek justice in its courts are not scared off by the specter of destructive exposure."  Id.  It is a balance, but there is ultimately "the strong presumption against the use of pseudonyms in civil litigation."  Id. at 69.  The First Circuit explains that "[a] district court adjudicating a motion to proceed under a pseudonym should balance the interests asserted by the movant in favor of privacy against the public interest in transparency, taking all relevant circumstances into account."  Id. at 69.  Here, Howitt "bears the burden of rebutting the strong presumption against it."  Id. at 73.

  Giving deference to the discretion enjoyed by this Court, "the inquiry should focus upon the extent to which the facts align with one or more of the following paradigms: whether the case is one in which [(1)] the movant reasonably fears that coming out of the shadows will cause him unusually severe physical or mental harm; [(2)] whether the case is one in which compelled disclosure of the movant's name will likely lead to disclosure of a nonparty's identity causing the latter substantial harm; [(3)] whether the case is one in which compelled disclosure would likely

deter, to an unacceptable degree, similarly situated individuals from litigating; or, [(4)] whether the federal suit is bound up with a prior proceeding subject by law to confidentiality protections and forcing disclosure of the party's identity would significantly impinge upon the interests served by keeping the prior proceeding confidential." Id.  Nevertheless, "because these paradigms are framed in generalities, a court enjoys broad discretion to quantify the need for anonymity in the case before it.  This broad discretion extends to the court's ultimate determination as to whether that need outweighs the public's transparency interest." Id.

      Here, Howitt has not met his burden in his one-page motion incorporating by reference the Motion to Seal.  The specific information relating to Howitt can be concealed without proceeding by pseudonym.  Howitt's alternate claim that he is unable to make or keep relationships because of the existence of his lawsuit by itself is not compelling.  As the First Circuit recognizes, "[l]awsuits in federal courts frequently invade customary notions of privacy and — in the bargain — threaten parties' reputations . . . Facing the court of public opinion under these conditions is sometimes stressful — but that is the nature of adversarial litigation.  If commonplace lawsuit-induced distress were enough to justify the use of a pseudonym, anonymity would be the order of the day:  Does and Roes would predominate." Id. at 70.

      So it is here.  Facing one's litigiousness is not sufficient alone to justify pseudonymity.  There must be something more.  Howitt is not unduly prejudiced by the public having knowledge of the existence of a lawsuit brought by him against an Assistant Attorney General of the Commonwealth.  Similarly, Howitt's interest in keeping the Suffolk Superior Court Action secret that is a matter of public record is an insufficient basis to proceed by pseudonym.  The Plaintiff's true name shall read on the docket as "Dan Howitt."

Accordingly, the Motion for Electronic Filing Privilege [Dkt. 4] is **GRANTED**. Howitt's Motion to Proceed by Pseudonym [Dkt. 2] is **DENIED**. Howitt's federal claims are **DISMISSED** with prejudice, and the Court **DECLINES** to exercise supplemental jurisdiction over potential state law claims, which are **DISMISSED** without prejudice pursuant to 28 U.S.C. 1367(c)(3). The case itself and docket entries are hereby **UNSEALED** and the Complaint [Dkt. 1], Motion to Proceed by Pseudonym [Dkt. 2], Motion to Proceed in forma pauperis, [Dkt. 3], and Motion to Seal Complaint [Dkt. 5] shall remain **SEALED** for now. Upon the Court's final orders relating to the Motion to Seal, the Clerk will be directed to enter a separate order of dismissal.

**SO ORDERED.**

Dated: August 9, 2024                                   /s/ Angel Kelley
                                                        Hon. Angel Kelley
                                                        United States District Judge